IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Daniel Shannon, | ) | C/A No.: 6:11-2332-JFA-KFM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER[1] |
| | ) | |
| Ms. Nancy Merchant, Postal Director PCI; Mr. Jormal, Lieutenant at PCI; Ms. Abston, Captain at PCI; Mr. Turner, Disciplinary Hearing Officer at PCI; Ms. Jane Does, also known as Does; Mr. John Does, also known as Does; | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| Daniel Shannon, | ) | C/A No.: 6:12-2938-JFA-KFM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| South Carolina Department of Corrections; Mr. William Byars, Jr., Director at SCDC; John Ozmint; Robert Ward, Division Director, SCDC; David McCall, Warden, Perry Correctional Institution; Daniel Murphy; Elbert Pearson, SCDC STG Coordinator; Jannita Gaston, Chair of the MSC Committee, SCDC; Dennis Patterson, SCDC; Dedric Williams; Colie Rushton, SCDC; Aaron Joyner, Associate Warden, KCI; Bernard McKie, Warden, KCI; Yvonne Lofton, Classification, KCI; Vaughn Jackson, Major, KCI; John Does; and Jane Does, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

---

[1] Although this order is captioned with both of the plaintiff's cases, the court does not intend this to suggest that the matters are consolidated. Any future orders and Reports and Recommendations will be issued separately.

1

The *pro se* plaintiff in both of these actions, Daniel Shannon, is an inmate at the South Carolina Department of Corrections. He is currently serving a life sentence without the possibility of parole for murder, arson, kidnapping, burglary, and armed robbery. He initiated these actions after he was assigned to the Maximum Security Unit ("MSU") at Kirkland Correctional Institution ("KCI").[2]

In the first filed case (C/A No. 6:11-2332-JFA-KFM) ("Shannon I"), plaintiff challenges a finding made by disciplinary hearing officers at Perry Correctional Institution ("PCI") that he violated the SCDC policy OP-22-14 Appendix A, Level III, Offense 838 ("Claim 1"). This violation stemmed from written requests plaintiff made on March 18, 2009 to retrieve certain legal work he contended was previously seized from another inmate as contraband material and have it returned to him. These requests were placed into unsealed envelopes that were to be delivered outside of PCI to the respective correctional officers at their personal residences.

The second-filed lawsuit (C/A No. 6:12-2938-JFA-KFM) ("Shannon II") raises two additional issues, to wit: (1) the procedures by which plaintiff was *initially assigned* to the MSU for the aforementioned Section 838 violation, together with other violations for allegedly possessing SCDC employee personal information, a two-year gang affiliation, and plaintiff's role in a credit card fraud and stolen identity case ("Claim 2").

---

[2] Previously, the plaintiff had been housed at the Special Management Unit ("SMU") at Perry Correctional Institution.

The other issue raised in Shannon II challenges the procedures by which the plaintiff has *continued to be* confined in MSU ("Claim 3").

The Magistrate Judge has rendered Reports and Recommendations in both cases. In Shannon I, the Magistrate Judge recommends that summary judgment be granted to all defendants in that case. In doing so, the Magistrate Judge addresses not only Claim 1 (the only claim actually raised in Shannon I), but also Claim 2, which is a claim that was raised in Shannon II. In Shannon I, plaintiff filed objections to the court's treatment of Claim 1, but does not complain of the fact that the Magistrate Judge addressed an issue that was not raised in Shannon I (specifically, Claim 2).

In Shannon II, one of the motions before the Magistrate Judge was a motion by all defendants[3] to dismiss for failure to state a claim. After carefully examining the complaint, the Magistrate Judge suggests that certain defendants who are named in the caption, but who are not the subject of specific allegations in the complaint, should be dismissed from the case. As to the remainder of the claim, the Magistrate Judge recommends that the motion to dismiss be denied and the case move forward.

In objecting to the Magistrate Judge's Report and Recommendation in Shannon II, the plaintiff protests loudly that the Magistrate Judge improperly states that Claim 2 was asserted in Shannon I, when in fact Claim 2 was asserted only in Shannon II. In this respect, the plaintiff appears to be correct that the Magistrate Judge moved Claim 2 from the Shannon II to Shannon I and addressed it on its merits. The problem with the

---

[3] Defendant Byars filed a separate motion to dismiss.

3

procedural posture of the case before this court, however, is the fact that the plaintiff never objected in Shannon I to the Magistrate Judge's improper treatment of an issue that was not in the case.

The plaintiff also objects to the Report and Recommendation in Shannon II by suggesting that certain defendants who were named in the caption are also named in certain factual allegation paragraphs and therefore should not be dismissed from the case as the Magistrate Judge suggests.[4]

Given the fact that the Reports now before this court contain a technical error in that one issue raised in one case was discussed in the Report of the other case, and not objected to by the plaintiff, the court has determined that the appropriate course of action at this juncture is to reject both Reports and Recommendations without prejudice and to remand the matters back to the Magistrate Judge so that new Reports can be prepared with the proper issues addressed in each case.

In preparing new Reports, the Magistrate Judge should carefully consider which issue is raised in which case and should also take a second look at whether specific allegations of misconduct are made against certain named defendants. By remanding the case in this fashion, the court in no way suggests that it disagrees with the Magistrate Judge's substantive recommendations. Rather, this course of action appears to be the

---

[4] The plaintiff has filed a motion to amend his complaint (ECF No. 57) wherein he seeks to more specifically identify the already named defendants and their alleged unconstitutional actions. The defendants have opposed the motion to amend. The Magistrate Judge should address this motion when the matter is back before him.

most feasible approach so that the issues may be straightened out and the plaintiff afforded the opportunity to file proper objections.

For the foregoing reasons, both Reports and Recommendations are rejected without prejudice, with a request that the Magistrate Judge issue new Reports as outlined in this order.

All pending motions for summary judgment and to dismiss are denied without prejudice and without the need for additional briefing before the Magistrate Judge unless the Magistrate Judge directs re-briefing.

IT IS SO ORDERED.

September 30, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge