IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Daniel Shannon,<br><br>                  Plaintiff,<br><br>vs.<br><br>South Carolina Department of Corrections; William Byars, Jr., Director of SCDC; Jon Ozmint, Former Director of SCDC; Robert Ward, Division Director, SCDC; David McCall, Warden, LCI; Daniel Murphy; Elbert Pearson, SCDC STG Coordinator; Jannita Gaston, Chair of MSU Review Committee; Dennis Patterson, SCDC; Dedric Williams; Colie Rushton, SCDC; Aaron Joyner, Associate Warden, KCI; Bernard McKie, Warden, KCI; Yvonne Lofton, Classification, KCI; Captain Vaughn Jackson, Major, KCI; John Does; and Jane Does,<br><br>                  Defendants. | Civil Action No. 6:12-2938-JFA-KFM<br><br>**ORDER AND AMENDED<br>REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (docs. 21, 25) and the plaintiff's motion to amend (doc. 57). The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

## BACKGROUND

The plaintiff is an inmate with the South Carolina Department of Corrections ("SCDC") in the Maximum Security Unit ("MSU") at Kirkland Correctional Institution ("KCI").

He was transferred to the MSU from Perry Correctional Institution ("PCI") on June 25, 2009. In this case, the plaintiff raises issues regarding the procedures by which he was initially assigned to the MSU and by which he has continued to be confined in the MSU. He seeks damages, as well as declaratory and injunctive relief, including a declaration that his constitutional rights have been violated, a declaration that SCDC Policy OP-22.11 does not provide the minimum due process requirements as set forth in *Wilkinson v. Austin*, 545 U.S. 209 (2005), an injunction requiring the SCDC to revise its policies so as to comply with *Wilkinson*, and an injunction requiring his release from the MSU (comp. pp. 24-25).

In his complaint, the plaintiff alleges that after his transfer to the MSU on June 25, 2009, he was taken before the Institutional Classification Committee where a hearing was conducted on July 1, 2009. The plaintiff claims that he was never given any explanation as to the purpose or the hearing, and he was not given an opportunity to prepare for the hearing. He claims he was not given any notice as to the reasons he was transferred to the MSU, and no evidence was presented at the hearing. On August 12, 2009, the plaintiff received notice from Operations Director Ward that the MSU Review Committee met on July 14, 2009, and recommended that the plaintiff be housed in the MSU due to his possession of SCDC employees' personal and confidential information, past involvement in credit card fraud, gang affiliation, and copies of correspondence obtained inferred to harming employees. The plaintiff alleges that he was not aware such a meeting was going to take place, and he was unaware of the reasons for his placement in the MSU prior to receiving this correspondence (comp. ¶¶ 26, 28).

The relevant SCDC policy for appeal of MSU placement reads as follows:

> Paragraph 5.2 of OP-22.11, "Maximum Security Unit" : Inmates may appeal MSU placement or denial of release from MSU directly to the Agency Director. The written appeal must be initiated no later than ten (10) working days (Monday through Friday) after the inmate's admission to MSU. Specific reasons for the appeal must be given by the inmate. The Agency Director will respond to this appeal within 30 working days form the date of the appeal.

(doc. 1-1, p. 13).[1]

On August 22, 2009, the plaintiff wrote a letter to Director Ozmint complaining of his MSU placement and rebutting the Committee's reasons for recommending his placement in MSU (*id.*, pp. 2-5). On February 15, 2010, the plaintiff wrote another letter to Ozmint, inquiring about the status of his appeal (*id.*, pp. 6-10). Classification Director Gaston responded by letters dated March 17 and 29, 2010, stating that her office had no record of an appeal by the plaintiff regarding his placement in the MSU and that he was not eligible to be considered for release from MSU at that time. Gaston noted that in accordance with SCDC policy regarding recommendation for release from the MSU, an inmate upon completion of 18 months minimum term and any appropriate extensions, and when the inmate has shown good behavior and progress in Level III for the previous six months, the inmate may be considered for reassignment to the Special Management Unit ("SMU") (*id.*, pp.11-12). On October 11, 2010, Gaston sent the plaintiff a letter in response to an undated letter from him regarding his placement in the MSU. Gaston told the plaintiff that the office had no record of an appeal regarding his placement in the MSU within the required time period, so his appeal would not be considered (*id.*, p. 14).

On May 3, 2011, the plaintiff was notified by Ward that the MSU Review Committee met again on April 12, 2011, and recommended that he remain in the MSU. The plaintiff alleges that he was never given any notice of this meeting, and he was not given an opportunity to review any evidence that was presented nor was he allowed to present his arguments as to why he should be released from the MSU (comp. ¶ 29).

The plaintiff delivered his complaint to the KCI mailroom on October 10, 2012, and it was filed on October 12, 2012.[2] On February 1, 2013, defendant Ozmint filed a

---

[1] For purposes of a Rule 12(b)(6) motion, a court may "consider documents attached to a complaint ... so long as they are integral to the complaint and authentic." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

[2] As the plaintiff is a prisoner, he should have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), which held that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the District Court.

motion to dismiss (doc. 21). On February 4, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), this court advised the plaintiff of the motion to dismiss and motion for summary judgment procedures and the possible consequences if he failed to adequately respond to the motion. On February 19, 2013, the remaining defendants filed a motion to dismiss (doc. 25). Again, this court issued a *Roseboro* order to the plaintiff. Thereafter, the plaintiff filed timely responses in opposition to both motions (docs. 29, 33).

On June 19, 2013, the undersigned issued a Report and Recommendation in an earlier-filed case by the plaintiff, *Shannon v. Merchant*, C.A. No. 6:11-2332-JFA-KFM ("*Shannon I*"), that the defendants' supplemental motion for summary judgment be granted in that case. In doing so, the undersigned mistakenly addressed a claim that was not raised in that case but was instead raised by the plaintiff in the instant case ("*Shannon II*"). On July 19, 2013, the undersigned issued a Report and Recommendation (doc. 37) that the defendants' motions to dismiss be granted in part and denied in part in this case. On September 30, 2013, Judge Anderson rejected the Reports and remanded both cases to the undersigned so that the proper issues may be addressed in each case and so that the plaintiff may be afforded the opportunity to file proper objections. Accordingly, an Amended Report and Recommendation addressing the defendants' motions to dismiss is required in the instant case.

## APPLICABLE LAW AND ANALYSIS

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a court is charged with liberally construing a complaint filed by a pro se litigant to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean the court can ignore a clear failure to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted. Federal Rule of

Civil Procedure 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.' " *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Accordingly, a complaint does not require detailed facts; however, a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

***Eleventh Amendment Immunity***

The defendants argue in their motions to dismiss that, to the extent they are sued in their official capacities, they are immune from suit for damages in this court (doc. 21 at pp. 4-5; doc. 25 at pp. 6-7). This court agrees. As arms of the state, they are entitled to sovereign immunity and are not "persons" under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Although a State may waive sovereign immunity, *Lapides v. Board of Regents*, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. *See* S.C. Code Ann. § 15-78-20(e). Accordingly, the undersigned recommends that the claims for damages[3] against the defendants in their official capacities be dismissed.

***Statute of Limitations***

The remaining defendants argue (doc. 25 at pp. 4-5) that the plaintiff's claims are barred by the applicable statute of limitations as the plaintiff was initially transferred to

---

[3]The plaintiff's claims for prospective injunctive and declaratory relief are not barred. *See Ex parte Young*, 209 U.S. 123 (1908).

5

the MSU on June 25, 2009, and the instant lawsuit was not filed until October 2012. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985) (federal courts considering § 1983 claims adopt the forum state's statute of limitations for personal injury claims); S.C. Code Ann. § 15–3–530(5) (three year statute of limitations for personal injury claims). As set forth above, the plaintiff raises issues with regard to his initial transfer to the MSU in June 2009 and further alleges in his complaint that the defendants "have and continue to violate his due process rights by failing to afford him adequate procedures when determining his continued retainment within the MSU" (*see* doc. 33, pl. resp. m.s.j. at p. 1).

The plaintiff argues that the statute of limitations is tolled during the time in which he was exhausting his administrative remedies regarding his initial placement in the MSU (*id.* at p. 5). Specifically, he alleges in his complaint that he appealed the initial decision to place him in the MSU by letter to Director Ozmint dated August 22, 2009 (comp. p. 13). The plaintiff also attached the letter to his complaint (*see* doc. 1-1 at p. 2). He further alleges that he did not receive a final agency response until October 11, 2010, when Classification Director Gaston informed him that his appeal would not be considered because there was no record of an appeal within the required time period (comp. p. 14; doc. 1-1 at p. 14). The plaintiff's claim of denial of due process with regard to a subsequent decision in April 2011 that he remain in the MSU would not be barred by the applicable statute of limitations (comp. ¶ 29).

As the plaintiff has raised claims that are not barred by the statute of limitations and as he has raised facts that, if proven, might entitle him to equitable tolling as to claims arising outside the statute of limitations, the undersigned recommends that the defendants' motion to dismiss on this basis be denied. *See Saucillo v.* Samuels, C.A. No. 0:12-cv-240-TMC, 2013 WL 360258, at *1-2 (D.S.C. Jan. 30, 2013) (holding that plaintiff was entitled to equitable tolling while exhausting his administrative remedies under 42 U.S.C. § 1997e); *Peoples v. Rogers*, C.A. No. 8:10-24-CMC-BHH, 2010 WL 424201, at *2 (D.S.C. Feb. 1, 2010) (same).

***Due Process Claims***

The plaintiff alleges that the defendants have violated his due process rights by "indefinitely confining [him] to the SCDC's Supermax facility (the MSU) without affording him meaningful notice and a meaningful hearing before or immediately after such confinement," and he alleges that his initial placement in and his continued confinement in the MSU imposes upon him "atypical and significant hardship in relation to the ordinary incidents of prison life" (comp. ¶ 19). He further claims that the defendants have deprived him of his due process rights by failing to afford him "meaningful notice and a meaningful hearing before the recommendation of April 12, 2011, to continue such retainment was made" (*id.*¶ 20). The plaintiff alleges that the reasons given for his initial placement and his continued retainment in the MSU are "simply fabricated, unfounded, unconstitutionally vague accusations, and complete misrepresentation of the facts and documentation" (*id.* ¶ 31; *see also id.* ¶ 32). He further alleges as follows:

> MSU inmates are denied . . . all outside exercise opportunities, as well as any other outside or out-of-cell activities. Their one hour a day exercise period takes place in a concrete holding cell. Also, unlike all other inmates in the correctional system, MSU inmates must take their exercise period while in full mechanical restraints . . . . Unlike all other prison inmates, . . . only inmates in MSU are forced to wear full restraints while visiting family. . . . Additionally, unlike all other inmates in the SCDC, inmates in MSU are denied any form of photographs . . . . Unlike all other prison inmates, . . . MSU inmates are completely prohibited from receiving any and all forms of publications in the mail . . . [and] are subjected to extreme sensory deprivation [as] there are no windows, clocks, or mirrors within the MSU.

(Comp. ¶ 25). The plaintiff claims that under *Wilkinson v. Austin*, 545 U.S. 209 (2005)[4] he is entitled to and has been denied due process concerning the procedures for his initial confinement and his continued confinement in the MSU. He further contends that SCDC

---

[4]In *Wilkinson*, the Supreme Court determined that assignment to the Ohio Supermax facility imposed " 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life' " and gave rise to a liberty interest. 542 U.S. at 223 (quoting *Sandin v. Connor*, 515 U.S. 472 (1995)). The Court ultimately found that the procedures provided for placement of inmates in the super-maximum security prison complied with due process protections. *Id.* at 225.

7

policy OP-22.11 does not provide the minimum due process requirements as required under *Wilkinson* (*id.* p. 24).

The Fourth Circuit has specifically stated that "[t]he federal constitution itself vests no liberty interest in inmates retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . And is not otherwise violative of the Constitution." *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir.1994) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). The defendants argue that, based upon *Slezak*, the plaintiff's due process claims should be dismissed for failure to state a claim (doc. 25 at p. 5). However, given the plaintiff's allegations regarding the specific hardships entailed in assignment to the MSU, he has plausibly alleged that his initial placement in and his continued confinement in the MSU give rise to a liberty interest. Accordingly, dismissal for failure to state a claim at this stage is inappropriate.

*Qualified Immunity*

This court further recommends that the defendants' motions to dismiss the damages claims against them in their individual capacities on the basis of qualified immunity (doc. 21 at p. 6; doc. 25 at p. 8) be denied at this time as the plaintiff has plausibly alleged in his complaint that his constitutional rights were violated and that his due process rights were clearly established. *See Tobey v. Jones*, 706 F.3d. 379, 386-87 (4th Cir. 2013) ("For [the plaintiff's] First Amendment claim to survive a qualified immunity-based 12(b)(6) motion to dismiss [the plaintiff] must have plausibly alleged in his complaint that his constitutional rights were violated.").

*Defendant Ozmint*

Defendant Ozmint argues that the plaintiff's complaint does not make any specific, personal allegations against him "other than a passing argument that Plaintiff received a delayed response from an August 22, 2009[,] appeals sent to Ozmint in his official capacity as well as general disagreements with Ozmint and the [SCDC's] procedure for placing inmates within the MSU . . . ." (doc. 21 at p. 5). Defendant Ozmint further

8

argues that any claims alleged against him under a theory of respondeat superior should be dismissed (*id.* at p. 6). The plaintiff argues in response that he sent several appeals regarding his transfer to the MSU directly to defendant Ozmint "setting forth the specific Due Process violations and NEVER received reasonable response." He further argues that defendant Ozmint allowed the violations of his constitutional rights to continue despite the fact that the South Carolina Administrative Law Court twice ruled that the exact procedures used to transfer, assign, and retain the plaintiff in the MSU were unconstitutional (doc. 29 at p. 3). The plaintiff also argues that he is in no way attempting to assert a claim against defendant Ozmint under a respondeat superior theory. Rather, he alleges that defendant Ozmint was personally involved in the violations of his constitutional rights and that he is also liable in a supervisory capacity (*id.* at pp. 6-7). This court finds that the plaintiff has stated a claim to relief that is plausible on its face against defendant Ozmint, and therefore these arguments for dismissal are rejected.

## **PLAINTIFF'S MOTION TO AMEND**

In the Report and Recommendation filed on July 19, 2013, which was subsequently rejected by Judge Anderson, the undersigned recommended that certain defendants who are named in the caption, but who are not the subject of specific allegations in the complaint, should be dismissed from the case. On August 30, 2013, the plaintiff filed an amended complaint, which has been construed by the Clerk of Court as a motion to amend (doc. 57). In the proposed amended complaint,[5] the plaintiff seeks to more specifically identify the already named defendants and their allegedly unconstitutional actions.

The defendants oppose the motion to amend, arguing that the filing does not meet the requirements of amendment as a matter of course under Federal Rule of Civil Procedure 15(a)(1) as it was not filed within 21 days of the motions to dismiss. As such, the plaintiff may amend his complaint only with the court's leave or the defendants' written

---

[5]The plaintiff makes clear that the proposed amended complaint is intended to supplement rather than replace the original complaint (*see* doc. 57 at p. 1).

consent. "The court should freely give leave [to amend pleadings] when justice so requires." Fed.R.Civ.P. 15(a)(2). The defendants argue that the amended complaint will be prejudicial to them as it adds additional factual allegations against at least eight defendants and an additional claim against at least three defendants. The defendants note that this filing comes almost one year after the original complaint was filed and after they have expended tremendous time and resources in order to defend the original complaint. However, given the procedural posture of this case and the fact that the allegations in the amended complaint do not substantially change the core issues in this case, this court finds that the amendment should be allowed.

## CONCLUSION AND RECOMMENDATION

Now, therefore, based on the foregoing,

IT IS RECOMMENDED that the defendants' motions to dismiss (docs. 21, 25) be granted in part and denied in part as set forth above. Further,

IT IS ORDERED that the plaintiff's motion to amend (doc. 57) is granted. The Clerk of Court is directed to file documents 1 and 57 together as the amended complaint.[6]

October 8, 2013  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

---

[6]The attachments to documents 1 and 57 should also be filed as attachments to the amended complaint.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.