IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Daniel A. Shannon, )<br>  )<br>　　　　　　　　　Plaintiff, )<br>  )<br>vs. )<br>  )<br>South Carolina Department of )<br>Corrections; SCDC Director William )<br>Byars; Jon Ozmint; Warden Robert )<br>Ward; David McCall; Daniel Murphy; )<br>Elbert Pearson; Jannita Gaston; Dennis )<br>Patterson; Dedric Williams; Colie )<br>Rushton; Aaron Joyner; Bernard McKie; )<br>Yvonne Lofton; Captain Vaughn )<br>Jackson; John Does; and Jane Does, )<br>  )<br>　　　　　　　　　Defendants. )<br>  ) | Civil Action No. 6:12-2938-JFA-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

　　　　This matter is before the court on the plaintiff's motion for class certification and for appointment of counsel (doc. 83). The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Section 1983 and submit findings and recommendations to the district court.

## BACKGROUND

　　　　The plaintiff is an inmate in the South Carolina Department of Corrections ("SCDC") in the Maximum Security Unit ("MSU") at Kirkland Correctional Institution ("KCI"). He was transferred to the MSU from Perry Correctional Institution ("PCI") on June 25, 2009. The plaintiff raises issues regarding the procedures by which he was initially assigned to the MSU and by which he has continued to be confined in the MSU. He seeks damages, as well as declaratory and injunctive relief, including a declaration that his constitutional rights have been violated, a declaration that SCDC Policy OP-22.11 does not provide the

minimum due process requirements as set forth in *Wilkinson v. Austin*, 545 U.S. 209 (2005), an injunction requiring the SCDC to revise its policies so as to comply with *Wilkinson*, and an injunction requiring his release from the MSU (doc. 75, amended comp. pp. 24-25).

## ANALYSIS

Class certification is appropriate where plaintiffs satisfy the four prerequisites of Federal Rule of Civil Procedure 23(a) - numerosity, commonality, typicality, and adequacy. Once these requirements are met, plaintiffs must show that class certification is proper under one of the three provisions of Rule 23(b). *Ward v. Dixie Nat. Life Ins. Co.,* 257 F. App'x 620, 628 (4th Cir. 2007). As noted by the Fourth Circuit in *Gariety v. Grant Thornton, LLP*:

> [W]hen a district court considers whether to certify a class action, it performs the public function of determining whether the representative parties should be allowed to prosecute the claims of absent class members. Were the court to defer to the representative parties on this responsibility by merely accepting their assertions, the court would be defaulting on the important responsibility conferred on the courts by Rule 23 of carefully determining the class action issues and supervising the conduct of any class action certified.

368 F.3d 356, 366-67 (4th Cir. 2004).

*Numerosity*

Rule 23(a)(1) requires that the "class [be] so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The only representation before the court regarding the number of possible class members is the plaintiff's general statement that approximately "fifty (50) inmates [are] currently housed in the MSU" (pl. m. to certify class at p. 1). The plaintiff also includes "all future SCDC inmates that will be considered for transfer/admittance and retainment to/in the MSU" (*id.*). While the plaintiff's motion intends to define a class as those who are currently admitted or have the possibility of being admitted to MSU, his motion fails to identify a specific class of members or claimants. The plaintiff complains that the procedures of the SCDC regarding the evaluation, transfer, and

detainment of inmates in the MSU are in violation of each inmate's constitutional rights. The plaintiff's motion fails to include how many of the current inmates housed in the MSU have pending claims or even pending grievances regarding these procedures. Based on the evidence before this court, it is impossible to determine whether the class is so numerous that joinder is impracticable as required by Rule 23(a)(1).

*Commonality*

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). As the Supreme Court recently clarified, in order to satisfy the commonality requirement, the plaintiff must demonstrate that the class members have suffered the same injury and that the claim depends upon a common contention that is capable of class-wide resolution. *Wal–Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550-51 (2011).

As argued by the defendants, the only common issue in this case that appears to collectively attach to each proposed class member stems from their current or possible incarceration in the Kirkland Correctional MSU. The defendants maintain that each inmate's disciplinary history and institutional record are individually evaluated for transfer to and from the MSU. Each evaluation is unique and specific for each individual and cannot be collectively applied in a "one-size-fits-all" category. The plaintiff makes no claim that there are common facts regarding the placement or continued detainment of any of the inmates in the MSU. Even assuming that the plaintiff is arguing common questions of law apply to each inmate in the MSU – namely, that they are subject to the same SCDC procedures – this fails to meet the commonality prong because those procedures, as applied to each individual's history inside the institutions of the SCDC, is unique and must be examined individually.

*Typicality*

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). For typicality to be satisfied, the "representative party's interest in prosecuting his own case

3

must simultaneously tend to advance the interests of the absent class members." *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir.2006). This requirement "tends to merge with the commonality and adequacy-of-representation requirements." *Id.* (citations omitted).

As argued by the defendants, the typicality requirement is not met in the current case as the factual scenarios, complaints, and arguments brought by the members of the proposed class would be unique to each inmate. Even if the proposed class members collectively attempt to argue that the policies and procedures used to evaluate inmates for placement and continued detainment in the SCDC's MSU are unconstitutional, the application of those policies and procedures to each individual's SCDC history requires a unique evaluation that cannot be universally applied to the MSU population as a whole. Furthermore, the alleged damages of the inmates of the MSU would be necessarily different as inmates are evaluated for placement in the MSU at different times, are transferred to the MSU at different times and for different durations, and are removed from the MSU for placement in other facilities at different times.

### *Adequacy of Representation*

Rule 23(a)(4) requires that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This rule involves two components: (1) that the plaintiffs' attorneys are qualified, experienced, and generally able to conduct the litigation; and (2) that the class representatives' interests are not antagonistic to or in conflict with those of other class members. *South Carolina Nat'l Bank v. Stone*, 139 F.R.D. 325, 330 (D.S.C.1991) (citations omitted).

Due to the disparate facts associated with each possible class member and the application of SCDC policies and procedures to their unique SCDC histories, the plaintiff cannot adequately represent the claims of each class member. Notwithstanding that the plaintiff is not privy to the facts and circumstances surrounding each inmate's placement or evaluation for continued detainment in the MSU, the plaintiff would also be unfamiliar with the length of time of incarceration of an inmate inside the MSU and the alleged damages of each class member. Furthermore, the plaintiff does not specify how he would

provide zealous and fair representation to inmates who have been in the MSU for different periods of time.

***Rule 23(b)***

In addition to fulfilling the requirements of Rule 23(a), a proposed class action suit must also qualify under one of the Rule 23(b) subsections. Rule 23(b) states:

> **(b) Types of Class Actions**. A class action may be maintained if Rule 23(a) is satisfied and if:
>
> (1) prosecuting separate actions by or against individual class members would create a risk of:
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

5

Fed. R. Civ. P. 23(b).

The defendants argue that the plaintiff cannot meet the standards of Rule 23(b)(1) because 1) he has not identified nor are the defendants aware of any individuals with similar claims who may be part of a class for this litigation; 2) the nature of the plaintiff's claims make it necessary to evaluate how SCDC policies and procedures are applied to the unique facts and circumstances of each possible claimant; and 3) due to the necessity for individual evaluation, the adjudication of the plaintiff's claims do not necessarily impair or impede the interests of other inmates. This court agrees.

With respect to Rule 23(b)(2), the plaintiff alleges that the defendants have "acted and/or failed to act in Plaintiff's case on grounds generally applicable to the class" (pl. m. to certify class at p. 2), but he fails to articulate any specific action or inaction on the defendants' part. If the plaintiff is referring to the application of SCDC policies and procedures governing the MSU, the application of those policies and procedures requires analysis of the facts and circumstances surrounding each unique claimant, and no injunctive relief and/or declaratory judgment reached in the plaintiff's case could or would be applicable to the unique circumstances involving each claimant.

The defendants offer the same arguments articulated above with respect to the scenarios presented in Rule 23(b)(3). Because the defendants are not aware of any additional claimants who may be remotely connected to the claims of the plaintiff and, even if those claims existed, by their very nature this court would require an examination of the individual factual circumstances surrounding each individual and their status both before and during housing in the MSU, the plaintiff does not meet the standards set forth by this rule.

As the plaintiff has failed to meet his burden of proving the requirements of Rule 23, the motion to certify class should be denied. *See Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001).

*Motion for Appointment of Counsel*

The plaintiff also includes in his motion a request for the appointment of "class counsel" (pl. m. to certify class at p. 2).  Federal Rule of Civil Procedure 23(g) provides that "[u]nless a statute provides otherwise, a court that certifies a class must appoint counsel." Fed. R. Civ. P. 23(g)(1).  As discussed above, the undersigned recommends that the plaintiff's motion for class certification be denied.  To the extent the plaintiff seeks appointment of counsel even if class certification is denied, that request should also be denied.  There is no right to appointed counsel in Section 1983 cases. *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir.1975).  As stated in 28 U.S.C. § 1915(e)(1), the court may use its discretion to appoint counsel for an indigent in a civil action. *Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir.1971).  However, such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir.1975).  In this case, no exceptional or unusual circumstances have been presented that would justify the appointment of counsel, nor would the plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. United States Dist. Court for S. Dist. of Iowa,* 490 U.S. 29 (1989).

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, the plaintiff's motion for class certification and for appointment of counsel (doc. 83) should be denied.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

February 25, 2014
Greenville, South Carolina