IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Daniel A. Shannon, # 290938, ) | |
| ) | Civil Action No. 6:12-2938-MGL-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| South Carolina Department of ) | |
| Corrections; ) | |
| SCDC Director William Byars; ) | |
| John Ozmint, Former Director of SCDC; ) | |
| Robert Ward, Division Director ) | |
| of Operations; ) | |
| David McCall, Former Warden Perry ) | |
| Correctional Institution Warden Lee ) | |
| Correctional Institution; ) | |
| Daniel Murphy, Former Inspector ) | |
| General for SCDC; ) | |
| Elbert Pearson, SCDC Security Threat ) | |
| Group: ) | |
| Jannita Gaston, Chair of the Maximum ) | |
| Security Unit Committee; ) | |
| Dennis Patterson, Member of ) | |
| Committee on July 14, 2009; ) | |
| Dedric Williams, Member of ) | |
| Committee on July 14, 2009: ) | |
| Colie Rushton, Member of ) | |
| Committee on July 14, 2009; ) | |
| Aaron Joyner, Member of ) | |
| Committee on July 14, 2009: ) | |
| Bernard McKie, Warden of Kirkland ) | |
| Correctional Institution; ) | |
| Yvonne Lofton, Former Classification ) | |
| Caseworker for Maximum Security Unit: ) | |
| Captain Vaughn Jackson, Major for ) | |
| Maximum Security Unit: ) | |
| John Does; ) | |
| Jane Does, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

## BACKGROUND

The plaintiff filed this case while an inmate at the Kirkland Correctional Institution, bringing suit against the South Carolina Department of Corrections ("SCDC") and various employees or officials of the SCDC. In the complaint, the plaintiff challenges his placement in the maximum security unit or SUPERMAX unit at the Kirkland Correctional Institution ("KCI-MSU"). The plaintiff's placement in KCI-MSU resulted from the plaintiff's receipt at the Perry Correctional Institution of outside correspondence from the "S.C. State Library" listing the "names and residential addresses of numerous SCDC officials" (doc. 1 at 9). The correspondence was confiscated by officials at Perry's mailroom and was forwarded to the SCDC Office of General Counsel, which on May 20, 2009, approved the release of the correspondence for delivery to plaintiff (*id*. at 9–10). On June 25, 2009, the list was confiscated during a cell search, but the plaintiff was not charged with respect to the list (*id*. at 10). On the same day, the plaintiff was transferred to KCI-MSU as an emergency admission (*id*.). The plaintiff contends that his transfer was based on facts allegedly misrepresented by Warden McCall and was actually for the plaintiff's filing numerous and continuous grievances challenging his placement in the administrative segregation unit at Perry (*id*.).

The Institutional Classification Committee met on July 1, 2009 (*id*. at 12–13). The plaintiff was informed on August 12, 2009, that he was being admitted to KCI-MSU because he possessed personal and confidential information on SCDC employees, was a member of a security threat group, had been involved in credit card fraud, and had

"correspondence obtained inferred to harming employees" (*id*. at 13). The plaintiff remained in KCI-MSU and, on May 3, 2011, was apprised the MSU Review Committee had met and recommended that he remain in MSU (*id*. at 15).

In the complaint, the plaintiff raises enumerated claims relating to his placement and retention at KCI-MSU: (1) his transfer to KCI-MSU violated Due process (*id*. at 17); (2) his retention in KCI-MSU violated SCDC policies and procedures (*id*. at 18); (3) the screening procedures for placement in SMU were not constitutionally sufficient (*id*. at 19); (4) he did not possess confidential information because the information was public information (*id*. at 20); (5) he was not involved in credit card fraud (*id*. at 20–21); (6) he has attempted to renounce his membership in a security threat group, but SCDC officials have not allowed him to do so (*id*. at 21–22); and (7) he did not intend to harm SCDC employees or officials (*id*. at 22). In his prayer for relief, the plaintiff seeks a declaratory judgment, an injunction seeking to set aside his placement and retention in KCI-MSU, an injunction directing the defendants to revise SCDC procedure and policies, compensatory damages of $25,000 from each defendant, punitive damages of $25,000 from each defendant, a jury trial, court costs, and other relief deemed equitable, proper, and just (*id*. at 24–25).

In an order (doc. 9) filed in this case on November 27, 2012, the undersigned directed the plaintiff to bring this case into "proper form" by submitting a motion for leave to proceed *in forma pauperis* and a Financial Certificate. The plaintiff submitted those documents on December 27, 2012 (doc. 13). The undersigned authorized service of process on January 8, 2013 (doc. 17). On February 1, 2013, defendant Jon Ozmint filed a motion to dismiss and a memorandum in support (doc. 21). The undersigned on February 4, 2013, issued a *Roseboro* order to apprise the plaintiff of dispositive motion procedure. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). On February 19, 2013, counsel for the defendants filed a motion to dismiss remaining defendants (doc. 25). The undersigned on February 20, 2013, issued a second *Roseboro* order (doc. 26). The

plaintiff filed his responses on February 25, 2013 (doc. 29) and on March 25, 2013 (doc. 33).

In a report and recommendation filed on July 19, 2013, the undersigned recommended that the motions to dismiss be granted in part but denied in part (doc. 37). On July 30, 2013, the defendants apprised the court that they were not filing objections to the Report and Recommendation (doc. 42). After receiving an extension of time, the plaintiff filed objections on August 30, 2013 (doc. 58). In an order filed on September 30, 2013, the Honorable Joseph F. Anderson, Jr., United States District Judge, rejected *without prejudice* the Report and Recommendation and denied *without prejudice* the motions to dismiss (doc. 65).

On October 8, 2013, the undersigned recommended that the defendants' motion to dismiss be granted in part as to damages in their official capacities and denied as to other claims (doc. 72). Judge Anderson on December 4, 2013, dismissed the claims against the defendants in their official capacities and allowed the remaining claims against the defendants to proceed (doc. 86). *See Shannon v. South Carolina Dep't of Corrections*, Civil Action No. 6:12-2938-JFA-KFM, 2013 WL 6322160 (D.S.C. Dec. 4, 2013).

On February 25, 2014, the undersigned recommended that the plaintiff's motion to certify case as a class action and motion to appoint counsel be denied (doc. 103). Judge Anderson accepted the recommendation on March 25, 2014 (doc. 107). *See Shannon v. South Carolina Dep't of Corrections*, Civil Action No. 6:12-2938-JFA-KFM, 2014 WL 1232893 (D.S.C. Mar. 25, 2014) After numerous motions were filed by both parties, the undersigned on June 6, 2014, issued a scheduling order directing the defendants to file dispositive motions by June 20, 2014, and directing the plaintiff to file his dispositive motions by June 27, 2014 (doc. 140). The plaintiff filed a motion for partial summary judgment on August 1, 2014 (doc. 168). The defendants filed their response in opposition on August 18, 2014 (doc. 173).

The defendants filed their motion for summary judgment on June 20, 2014 (doc. 145), which supplanted their earlier "short motion" for summary judgment (doc. 112) filed on April 14, 2014. The undersigned issued a *Roseboro* order on June 23, 2014 (doc. 146). The plaintiff filed two motions for extensions of time to respond to the defendants' motion for summary judgment, which were granted (docs. 159, 163). The plaintiff on August 25, 2014, filed his *third* motion for an extension of time (doc. 175). On August 26, 2014, the undersigned granted the plaintiff an extension of time to September 29, 2014, but apprised the plaintiff that no further extensions would be granted (doc. 177). No responses to the motion for summary judgment were received from the plaintiff.

On November 13, 2014, counsel for the defendants filed a motion to dismiss for lack of prosecution (doc. 113). On the same day, the undersigned issued another *Roseboro* order (doc. 182). The above-captioned case was reassigned to the Honorable Mary G. Lewis, United States District Judge, on November 18, 2014 (doc. 185). The plaintiff has not filed a response to the motion to dismiss for lack of prosecution.

## **APPLICABLE LAW AND ANALYSIS**

In their motion to dismiss for failure to prosecute (doc. 181), the defendants note the three extensions granted by the court to the plaintiff to file a response to their motion for summary judgment and the plaintiff's failure to file anything in this case since the court's order of August 26, 2014. Notably, the plaintiff's companion case on appeal, *Shannon v. Merchant*, 6:11-cv-2332-JFA, was dismissed by the United States Court of Appeals for the Fourth Circuit for lack of prosecution on October 28, 2014 (*see* doc. 105, 6:11-cv-2232-JFA).

According to the SCDC website, http://public.doc.state.sc.us/scdc-public/inmateDetails.do?id=%2000290938 (last visited on Jan. 7, 2014), the plaintiff was transferred from KCI-MSU to the "lock-up" unit at the McCormick Correctional Institution on December 16, 2014. A federal court may take judicial notice of factual information located

5

in postings on governmental websites in the United States. *Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, at *3 n.1 (D.S.C. May 10, 2011) (collecting cases), *adopted by* 2011 WL 2162184 (D.S.C. June 1, 2011). The plaintiff was specifically directed to keep the Clerk of Court advised in writing if his address changed and that his case could be dismissed for violating the order (*see* doc. 9). As of the date of this order, the plaintiff has not notified the Clerk of Court of his change of address.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). *See*, *e.g.*, *Woltz v. Chater*, No. 95-2539, 1996 WL 23314, at *1 (4th Cir. Jan. 23, 1996) (affirming dismissal of case for want of prosecution and failing to keep the court informed of change of address). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. Despite being given three extensions of time, the plaintiff has failed to file any response to the defendants' motion for summary judgment. It is solely through the plaintiff's neglect, and not that of an attorney, that no responses have been filed. Meanwhile, the defendants are left to wonder when the action against them will be resolved. The plaintiff has not responded to the defendants' motion for summary judgment or the court's orders requiring him to respond, and he did not respond to the defendants'

motion to dismiss for lack of prosecution. Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available.

## CONCLUSION AND RECOMMENDATION

Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the District Court grant the defendants' motion to dismiss for failure to prosecute (doc. 181) and deny as moot the defendants' motion for summary (doc. 145) and the plaintiff's motion for partial summary judgment (doc. 168). The attention of the parties is directed to the notice on the next page.

s/Kevin F. McDonald  
United States Magistrate Judge

January 8, 2015  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).